**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerry Allen YOUNG,
Defendant-Appellant.**

**No. 75–2971
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 5, 1976.

William O. Callaway, Jr., Ft. Worth, Tex. (Court-appointed), for defendant-appellant.

Frank D. McCown, U. S. Atty., John W. Sweeney, Jr., Asst. U. S. Atty., Fort Worth, Tex., Judith Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellant Jerry Allen Young appeals from his conviction for theft of goods in excess of $100 value from interstate commerce, 18 U.S.C. § 659. He alleges that the goods should have been suppressed as the product of an illegal search and seizure; that because the searching officer had neither consent nor a warrant, his statements to police were involuntary; that he was entrapped by a government informant; that the indictment impermissibly charges him with separate offenses; that there was insufficient evidence; and that the court erred in its charge. Having reviewed these contentions and found them to be without merit, we affirm.

In late 1974, appellant, an airline cargo man, approached John King, a freight handler for an inter-airline freight carrier, to help him dispose of goods stolen from the airline. Though appellant claims that the request was spoken in jest, he later directed King in the theft of two boxes of clothes. King had informed the police of the scheme and followed Young's instructions at their request. After a feigned "fencing" of the first box of clothes, King gave Young his share of the "proceeds" in money supplied by the police. When King claimed that he could not fence the second box, Young requested a meeting. King was to rendezvous with him at a little grocery store in Grapevine, a small town just north of the airport. Under police surveillance, King waited there until Young drove by, motioning King to follow. When the two cars arrived at a

spot on the Bethel School Road selected by Young, he stopped and transferred the box from King's car to the trunk of his own. Police who observed the transfer apprehended Young as he drove away. The police advised appellant of his rights and then searched his car without his consent, finding the stolen goods in the trunk. Young was then taken to the office of the Department of Public Safety, where he was again advised of his rights. He then executed a written waiver of them and a confession. An hour after the arrest, he was interviewed by an FBI agent, who again advised him of his rights, which he again waived in writing. He then gave the agent two signed confessions.

■ Appellant's first contention concerning the unconsented and warrantless search must fail under *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

■ Young's next claim that his written confessions were given involuntarily because the police threatened to search his house and arrest his wife is refuted by the facts, which the trial court considered in a *Jackson v. Denno*[1] hearing outside the jury's presence, finding the statements voluntary. At the time of Young's statements to the FBI agent, he had already been advised of his rights three times, had indicated that he understood them, and had executed two written waivers. All the officers involved denied that threats or promises were used, insisting that appellant remained cooperative at all times.[2] Thus, the trial court's finding of voluntariness is not clearly erroneous.

■ Appellant's claim of entrapment by King likewise fails on the facts. Young originated the scheme—from first approaching King about disposing of sto-

---

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 908 (1964).

2. Appellant also argues that his confession should be excluded because he was held in custody for almost 26 hours before being brought to a magistrate. But the initial detention was in state custody, with only the last 3½ hours in federal custody. Absent collusion between state and federal authorities, only the period of federal detention is relevant to a claim of unnecessary delay. *United States v. Brown*, 459 F.2d 319, 324 (5th Cir. 1971).

len goods to directing the clothing theft, accepting a share of the proceeds, and insisting on taking the second box when King professed inability to sell its contents—and cannot complain of King's participation.

▮ Appellant waived his fourth claim that the indictment impermissibly charges him with the separate offenses of theft and embezzlement by failing to raise this objection in the lower court. His claim of insufficient evidence founders because the evidence shows that appellant originated the scheme, falsified bills of lading, accepted money for the goods, and took a box of the goods for his own use. Additionally, the government introduced evidence that the goods were traveling in interstate commerce and that their value exceeded the requisite dollar amount.

▮ Appellant's final argument challenges the court's refusal to give certain instructions and its charge that "[w]hoever wilfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal." But appellant's requested instructions incorrectly state the law, while the aiding and abetting instruction, taken from 18 U.S.C. § 2(b) (1970), is an alternative charge to be read into every count, and one indicted as a principal may be convicted on a showing of merely aiding and abetting. *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).

Affirmed.